UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RUBY BIRD,

     Plaintiff,

     v.

TEXTRON, INC., et al.,

     Defendants.

CIVIL ACTION NO. 4:25-CV-558

(SAPORITO, J.)

## MEMORANDUM

On March 27, 2025, the plaintiff filed this action against the defendants, alleging that the defendants violated the Family and Medical Leave Act ("FMLA") by interfering with and denying her rights under the FMLA and retaliating against her for pursuing an FMLA claim by terminating her employment. (Doc. 1). On October 10, 2025, the plaintiff filed a first amended complaint (Doc. 24), and on December 22, 2025, the plaintiff filed a second amended complaint. (Doc. 45). The plaintiff's second amended complaint is the operative complaint. On January 5, 2026, the defendants filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 45). The motion has been briefed

by the parties (Doc. 46; Doc. 47; Doc. 48) and it is now ripe for review.

## I.    Background[1]

On March 21, 2023, the plaintiff submitted a claim for FMLA leave and a claim for short term disability benefits to Metropolitan Life Insurance Company ("Metropolitan") while employed by the defendants. At the time, the defendants contracted with Metropolitan to administer employee requests for FMLA leave under the defendants' policies. On March 22, 2023, Metropolitan informed the plaintiff that she had met the eligibility criteria for leave under the FMLA. Nonetheless, on April 4, 2023, Metropolitan called the plaintiff and explained to her that her FMLA claim was denied because the plaintiff's physician had failed to provide enough information to substantiate her claim. Further, Metropolitan believed that the plaintiff lacked a health condition covered under the FMLA. The plaintiff alleges that Metropolitan failed to inform her of any future steps that she could have taken to contest or appeal the FMLA denial. On April 5, 2023, the plaintiff's physician submitted additional information to Metropolitan concerning the plaintiff's request

---

[1] The facts are taken from the plaintiff's second amended complaint. (Doc. 43).

for FMLA leave.

The plaintiff subsequently reached out to the defendants' human resources business partner about her FMLA denial. The plaintiff alleges that the partner instructed her to resubmit her medical documentation and advised her that she was authorized to remain off work. On April 6, 2023, the plaintiff provided the business partner with updated medical information from her physician that stated she could tentatively return to work on April 13, 2023. On April 11, 2023, the business partner informed the plaintiff that she needed a "return-to-work" physical to be approved to return to work. The plaintiff obtained that physical on April 13, 2023, where she was informed by her healthcare provider that she was approved to return to work.

That same day, the plaintiff informed the defendants that she could return to work with no restrictions as soon as the following day. The defendants, however, informed the plaintiff that she needed to provide more evidence to Metropolitan explaining her reasonings for taking off work. The defendants further informed her that she needed to have her denial of her FMLA claim overturned by April 19, 2023. The plaintiff alleges that for the following couple of weeks, Metropolitan and the

defendants asked for more documentation concerning her FMLA leave despite her physician continuously providing the necessary information. Nonetheless, the plaintiff failed to return to work.

On April 27, 2023, the plaintiff filed a claim regarding her FMLA leave with the United States Department of Labor ("USDOL"). That same day, Metropolitan informed the plaintiff that her appeal of her claims had been denied. On May 1, 2023, USDOL confirmed that the plaintiff's claim was being investigated. Nonetheless, later that day, the plaintiff was informed that she was terminated from her position due to attendance issues. The plaintiff contested that those absences should have been covered under the FMLA. On July 31, 2024, USDOL informed the plaintiff that it had completed its investigation, concluding that the defendants violated her rights under the FMLA. The defendants, however, failed to take any steps to return the plaintiff to her position in any capacity.

The plaintiff subsequently filed a grievance regarding the termination of her employment which proceeded to arbitration. On April 15, 2025, a decision was rendered. The arbitrator ruled in favor of the plaintiff, finding that the defendants did not have just cause to terminate

the plaintiff's employment, failing to follow their discipline policy. The arbitrator further ordered that the plaintiff be reinstated to her position. On July 7, 2025, the plaintiff returned to work. By August 25, 2025, she worked in the position she had held prior to her termination. On November 13, 2025, the arbitrator issued another decision concerning additional remedies for the plaintiff. He awarded the plaintiff back-pay at the pay rate for her position prior to her termination, cost of living adjustments, contractually required pay increases, a signing bonus, health savings account contributions, and the restoration or payout of certain paid time off. The plaintiff now brings two claims under the FMLA seeking further damages.

## II.    Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir.

2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

But "[i]f matters outside the pleadings are presented to and not excluded by the court at a motion to dismiss, the motion must be treated as a motion for summary judgment." *R & C Oilfield Servs., LLC v. Am. Wind Transp. Grp., LLC*, 447 F. Supp. 3d 339, 344 (W.D. Pa. 2020) (citing Fed. R. Civ. P. 12(d)). Rule 56 of the Federal Rules of Civil Procedure dictates summary judgment should only be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Id.* at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).[2]

### III.  Discussion

The defendants move to dismiss the plaintiff's complaint based on

---

[2] As we noted above, the defendants filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The defendants motion for summary judgment appears to rely on records of the arbitration proceedings that were not attached to the plaintiff's complaint, but rather the defendants' motion to dismiss. As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted). But, "an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Id.* (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)) (emphasis added). Here, arbitrator's findings in the proceedings between the parties are both directly integral to the plaintiff's FMLA claims and explicitly relied upon in the plaintiff's complaint. Therefore, we will analyze the defendants' motion under the Rule 12(b)(6) standard rather than a motion for summary judgment standard under Rule 56.

the doctrine of collateral estoppel. The defendants argue that the issue of whether the plaintiff was wrongfully terminated, the basis of the plaintiff's claims, was already resolved in her favor through arbitration. Moreover, the defendants contend that the plaintiff has already recovered damages arising from that decision. In essence, they aver that the plaintiff seeks in the current action a "second bite at the apple." (Doc. 46, at 16). Upon review of the record, we disagree with the defendants' assertion.

Collateral estoppel prevents subsequent litigation of an issue of fact or law that has been determined and resolved in a prior court proceeding. *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001). Under Pennsylvania law, the following conditions must be satisfied to bar a subsequent claim: (1) the issue decided in the prior case must be identical to the one presented in the later case; (2) there was a final judgment on the merits in the prior action; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton,*

*Inc.*, 571 F.3d 299, 310 (3d Cir. 2009) (quotations and citations omitted). The party asserting collateral estoppel bears the burden of proving its elements. *U.S. v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).

Collateral estoppel serves several purposes. "First, it protects parties from the burden of relitigating the same issue with the same party." *In re Nat'l Med. Imaging, LLC*, 439 B.R. 837, 845 (E.D. Pa. 2009) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). "Second, the doctrine promotes judicial efficiency by encouraging plaintiffs to join all relevant parties in the first action." *Id.* (citing *Shore*, 439 U.S. at 326). "Third, collateral estoppel promotes reliance on judicial action by reducing the likelihood of an inconsistent judgment." *Id.* (citing *Oregon v. Guzek*, 546 U.S. 517, 526 (2006)). The defendants' motion, and collateral estoppel argument, relies on the arbitration proceedings previously litigated between the parties. The defendants argue, in essence, that this action reflects a relitigating of the final judgment decided in the arbitration proceedings. Therefore, the plaintiff should be collaterally estopped from relitigating the cause of her termination. Nonetheless, upon review of the record, we find that the defendants have

failed to satisfy all necessary elements to invoke the doctrine of collateral estoppel, and thus, their motion to dismiss will be denied.

The main contention between the parties concerns the first element in the collateral estoppel analysis, whether the issue decided in the arbitration proceedings is identical to the issue on which the plaintiff brings her claims. The defendants contend that the issue raised in this action, whether the plaintiff's termination based on absences that allegedly should have been protected under the FMLA, was decided by the arbitration proceedings. (Doc. 46, at 17). This, however, appears to be a similar argument confronted by the court in *Fitzgerald v. Shore Memorial Hospital*, 92 F. Supp. 3d 214 (D.N.J. 2005). There, the plaintiff brought an action against her former employer alleging interference and discrimination under the FMLA.[3] Prior to the action, the parties proceeded to arbitration, where the arbitrator found that the plaintiff was terminated for "just cause." *Fitzgerald*, 92 F. Supp. 3d at 225. The defendant argued that the arbitrator's determination that the plaintiff was fired for "just cause" precluded her from relitigating the cause of her

---

[3] The plaintiff also brought disability and race discrimination claims under the New Jersey Law Against Discrimination. *See* N.J.S.A. 10:5-12(a,d).

termination under the FMLA. *Id.* The Court held the following:

> [T]he Court finds that collateral estoppel does not apply because the issue raised in this case was not decided by the Arbitrator. Plaintiff's claims in this case relating to her termination turn on whether her missed day of work on April 17, 2011 was protected by the FMLA. By contrast, the arbitration decision focused on whether Plaintiff was fired in accordance with the time and attendance policy and whether the attendance policy was reasonable. The Arbitrator noted the applicability of the FMLA but did not examine it, stating merely that Plaintiff was not on intermittent FMLA leave at the time she missed work. In other words, the Arbitration Opinion decided that Defendant had reason under the attendance policy to fire Plaintiff without squarely answering the question of whether the termination was illegal because Plaintiff's leave on April 22 was nevertheless FMLA-protected… Accordingly, the Court finds that the arbitration award should not be given preclusive effect in this litigation.

*Id.* at 226–27.

Here, the sole question before the arbitrator was whether the plaintiff was wrongly terminated, and if so, what remedy was appropriate. *See* (Doc. 35-3). While the arbitrator acknowledged the applicability of FMLA policy in his decision, he focused his decision on the defendants' alleged failure to follow their progressive discipline policy, not whether they explicitly violated the FMLA. *See* (*id.*). The latter issue is currently before the Court and forms the basis of the plaintiff's

claims. Accordingly, although the issues presented in the arbitration proceedings and in this action may be related, they are not identical. The defendants have therefore failed to satisfy the first element of their collateral estoppel argument. We find that the arbitration's finding should not be given preclusive effect in this litigation. We need not analyze the remaining elements.

## IV.  Conclusion

For the foregoing reasons, the defendants' motion to dismiss will be denied.[4]

An appropriate order follows.

Dated: June 9, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge

---

[4] While the issue is not currently before the court, we note that it is unclear whether the arbitration decision was ever judicially confirmed. *See Fitzgerald*, 92 F. Supp. 3d at 227 n.4 ("Absent judicial confirmation, an arbitration award will not result in a 'final judgment' and cannot, therefore, have preclusive effect on subsequent litigation.") (quoting *Gruntal & Co. v. Steinberg*, 854 F. Supp. 324, 337 (D.N.J.), *aff'd*, 46 F.3d 1116 (3d Cir. 1994)).